UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ARNOLD ANDERSON, | Case No. 3:22-cv-00070-MMD-CSD |
| Petitioner, | ORDER |
| v. | |
| WILLIAM GITERE, *et al.*, | |
| Respondents. | |

Petitioner Arnold Anderson, a Nevada state prisoner, has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF Nos. 1-1, 1-2.) This habeas matter is before the Court on Petitioner's Application to Proceed *In Forma Pauperis* (ECF No. 1).

Under 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize a person to begin an action without prepaying fees and costs if the person demonstrates poverty through an IFP application. A prisoner's IFP application must be submitted on the Court's form and include specific financial information: (1) a copy of the prisoner's account statement for the six-month period prior to filing; (2) a financial certificate signed by the prisoner *and* an authorized prison official; and (3) the prisoner's financial acknowledgement confirming under the penalty of perjury that the financial information is true. *See* 28 U.S.C. § 1915; LSR 1-1, LSR 1-2.

Here, Petitioner has requested IFP status to waive his filing fee. However, he did not submit a financial certificate signed by an authorized officer at the Nevada Department of Corrections. In addition, Petitioner has not submitted a certified copy of his inmate trust account statement for the six-month period preceding this habeas action.

Although he may qualify for IFP status, the Court is unable to make such a

determination without all of the correct documents. Petitioner's IFP application lacks the appropriate financial information and documentation required by § 1915(a) and the Local Rules and is therefore denied without prejudice. He will have 45 days from the date of this order to either pay the $5.00 filing fee or submit a complete IFP application with all required attachments.

It is therefore ordered that Petitioner Arnold Anderson's Application to Proceed *In Forma Pauperis* (ECF No. 1) is denied without prejudice.

The Clerk of Court is directed to retain the Petition for Writ of Habeas Corpus (ECF No. 1-1), and send Petitioner a blank IFP application for incarcerated individuals along with instructions.

It is further ordered that Petitioner must file a complete IFP application within 45 days from the date of this order, which must include: (i) a financial certificate signed by Petitioner *and* an authorized prison official; (ii) Petitioner's financial affidavit and acknowledgement; and (iii) a statement of Petitioner's inmate trust account for the six-month period prior to filing. Alternatively, Petitioner must pay the $5 filing fee within 45 days from the date of this order.

The initial screening of Petitioner's petition under the Rules Governing Section 2254 Cases in the United States District Courts is deferred to until such time as he has fully complied with this order.

Petitioner's failure to comply with this Order by submitting a completed IFP application with the required documents, or paying the filing fee, will result in the dismissal of the petition without prejudice and without further advance notice.

DATED THIS 22nd Day of February 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE