UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| ARNOLD ANDERSON,<br><br>                            Petitioner,<br>   v.<br>WILLIAM GITERE, *et al.*,<br><br>                            Respondents. | Case No. 3:22-cv-00070-MMD-CSD<br><br>ORDER |

Petitioner Arnold Anderson, a *pro se* Nevada prisoner, commenced this habeas action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, the Court directs service of the petition and instructs Respondents to respond.

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Petitioner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. *See State of Nevada v. Arnold Anderson*, Case No. C-16-319021-1.[2] On December 5, 2017, the state court entered a judgment of conviction for

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at: https://www.clarkcountycourts.us/Anonymous/default.aspx and

attempt murder with use of a deadly weapon and battery with use of a deadly weapon and sentenced Anderson to 8 to 20 years for the attempt murder charge in addition to a consecutive term of 4 to 10 years for the battery charge with a consecutive enchancement of 8 to 20 years for the use of a deadly weapon. The Nevada Supreme Court affirmed the conviction. In January 2021, Petitioner filed a state petition for writ of habeas corpus. The state court denied post-conviction relief. Petitioner filed a post-conviction appeal. The Nevada Supreme Court affirmed the denial of relief in November 2021, and a remittitur issued.

On February 7, 2022, Petitioner initiated this federal habeas corpus proceeding *pro se*.[3] (ECF No. 1.) The Court instructed him to resolve the filing fee, and he timely complied. (ECF Nos. 4, 5, 6.) Having conducted an initial review, the Court will direct service of the petition and a response.

A receipt of payment of the filing fee was recorded on March 7, 2022. (ECF No. 5.) Another receipt of payment of the filing fee was recorded on March 31, 2022. (ECF No. 6.) The Clerk of Court is directed to refund the March 31, 2022 payment of the $5 filing fee.

The Clerk of Court is further directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the notices of electronic filing to the Nevada Attorney General's office only.

The Clerk of Court is further directed to file Petitioner Arnold Anderson's Petition for Writ of Habeas Corpus (ECF Nos. 1-1, 1-2).

The Clerk of the Court is further directed to refund the March 31, 2022 payment of the $5 filing fee.

It is further ordered that Respondents will have 60 days from the date the petition

---

at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

[3]Petitioner has not requested appointment of counsel.

is electronically served to appear in this action and answer or otherwise respond to the petition.

It is further ordered that Petitioner will have 60 days following service of the answer to file and serve a reply brief. If any motion is filed, the parties will brief the motion in accordance with LR 7-2 and 7-3 of the Local Rules of Practice.

It is further ordered that any procedural defenses Respondents raise in this case must be raised together in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents may not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents do seek dismissal of unexhausted claims under § 2254(b)(2), they must do so within the single motion to dismiss, not in the answer, and specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, will be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file the state court exhibits relevant to their response to the petition in chronological order.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10-3, LR IC 2-2, and LSR 3-3, and include a separate index identifying each additional exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit will then be filed as "attachments" to the base document—the index—to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1), Exhibit

B (ECF No. 10-2), Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A).

It is further ordered that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits—for this case—*need not* be provided to chambers or to the staff attorney, unless later directed by the Court.

DATED THIS 5th Day of April 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE