UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARNOLD ANDERSON,<br><br>　　　　　　　　Petitioner,<br>　v.<br>WILLIAM GITTERE, et al.,<br><br>　　　　　　　　Respondents. | Case No. 3:22-cv-00070-ART-CSD<br><br>ORDER |

*Pro se* Petitioner Arnold Anderson filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 8 ("Petition").) Tyler Anderson, a Nevada state prisoner housed at Ely State Prison with Petitioner, filed a request for clarification in Petitioner's instant case, informing this Court that Petitioner's filing receipt was sent to him by mistake. (ECF Nos. 11, 12.) Because Tyler Anderson is not a party in the instant case, this court ordered his motions stricken. Petitioner has now moved to (1) have this Court take Tyler Anderson's information off his docket and (2) have a corrected docket sent to him. (ECF No. 16.) Because Tyler Anderson's motions have already been stricken and his participation as a party in the case terminated, Petitioner's former request is denied as moot. However, good cause appearing, this Court will instruct the Clerk of the Court to send Petitioner a copy of his docket sheet.

Further, after a renewed review of the Petition (ECF No. 8), it appears that counsel may be helpful in this case, given the length and complexity of Petitioner's claims. The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A(a)(2), authorizes the court to appoint counsel "when the interests of justice so require." The CJA further provides that a habeas petitioner must demonstrate financial eligibility in all circumstances where the court appoints counsel. *See id.* § 3006A(a) (counsel "shall be provided for any financially eligible person")

1

(emphasis added).

Although this Court finds that the appointment of counsel is in the interests of justice, this Court is cognizant of the fact that Petitioner has not moved for the appointment of counsel. As such, this Court intends to provisionally appoint the Federal Public Defender to represent Petitioner in 30 days unless Petitioner declares his desire that this Court not appoint counsel. Moreover, if Petitioner desires that counsel be appointed, he must file a complete *in forma pauperis* ("IFP") application to show that he cannot afford counsel to litigate this case.

It is therefore ordered that Petitioner's motion [ECF No. 16] is granted, in part. The Clerk of the Court is instructed to send Petitioner a copy of his docket sheet.

It is further ordered that this Court will provisionally appoint the Federal Public Defender to represent Petitioner in 30 days unless Petitioner declares his desire that this Court not appoint counsel.

It is further ordered that prior to the appointment of counsel, if Petitioner desires the appointment of counsel, Petitioner must file an application for leave to proceed IFP, accompanied by a signed financial certificate and a statement of his inmate account. The clerk of the court is directed to send Petitioner a blank application form for incarcerated litigants.

It is further ordered that the briefing schedule (ECF No. 7) is suspended until further notice.

It is further ordered that Respondents' motion for an enlargement of time to file a response [ECF No. 17] is denied as moot.

DATED THIS 26th day of July 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2