UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARNOLD ANDERSON, | Case No. 3:22-cv-00070-ART-CSD |
| Petitioner, | ORDER |
| v. | |
| WILLIAM GITTERE, et al., | |
| Respondents. | |

*Pro se* Petitioner Arnold Anderson filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 8 ("Petition").) On July 26, 2022, this Court stated its intent to provisionally appoint the Federal Public Defender to represent Petitioner unless Petitioner declared his desire that this Court not appoint counsel. (ECF No. 18.) This Court instructed Petitioner to file a complete in forma pauperis ("IFP") application to show that he cannot afford counsel to litigate this case if he desired that counsel be appointed. (*Id.*) Petitioner has expressed his desire that counsel be appointed and filed a complete IFP application as instructed. (ECF Nos. 21, 22.) As such, this Court will appoint counsel for Petitioner. Petitioner has also filed a motion to vacate his previous motion asking for an extension of time to file a complete IFP application. (ECF No. 21.) Because this Court already granted his extension request (ECF No. 20), Petitioner's motion to vacate is moot.

It is therefore ordered that Petitioner's motion to vacate extension motion (ECF No. 21) is denied as moot.

It is further ordered that Petitioner's motion for leave to proceed IFP (ECF No. 22) is granted.

It is further ordered that the clerk shall electronically serve the Federal Public Defender a copy of this order, the Petition (ECF No. 8), and copies of this

1

Court's previous orders (ECF Nos. 7, 18). The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Petitioner by filing a notice of appearance or (2) indicate the office's inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the court will appoint alternate counsel. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

It is further ordered that the clerk is directed to send a copy of this order to Petitioner and the CJA Coordinator for this division.

DATED THIS 12th day of September 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE