UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARNOLD ANDERSON,<br><br>                Petitioner,<br>v.<br>WILLIAM GITTERE,<br><br>                Respondents. | Case No. 3:22-cv-00070-ART-CSD<br><br>ORDER |

On February 1, 2022, *pro se* Petitioner Arnold Anderson transmitted his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 8 at 1 ("Petition").) This matter comes before the Court on Respondents' motion to dismiss and amended motion to dismiss. (ECF Nos. 55, 56, 81 ("Motions").) Anderson opposed the Motions, and Respondents replied. (ECF Nos. 77, 78, 82, 83, 88, 89.) For the reasons stated below, the Court grants the Motions in part.

**I.    BACKGROUND**

The Nevada Supreme Court described the crime, as revealed by the evidence at Anderson's trial, as follows: "Anderson shot Terry Bolden outside an apartment complex in Las Vegas, striking him in the head, chest, and leg. Bolden's girlfriend, Rhonda Robinson, and Anderson's daughter, Arndaejae Anderson (Arndaejae), witnessed the shooting. Bolden and Robinson identified Anderson as the shooter." (ECF No. 68-29 at 3.) A jury found Anderson guilty of attempted murder with the use of a deadly weapon and battery with the use of a deadly weapon resulting in substantial bodily harm. (ECF No. 67-21.) Anderson was sentenced to (1) 8 to 20 years for the attempted murder conviction plus a consecutive term of 8 to 20 years for the deadly weapon enhancement and (2) 4 to 10 years for the battery conviction to run consecutively to the attempted murder conviction. (*Id.* at 3.) As such, Anderson was sentenced to an aggregate sentence of 20 to 50 years in prison. Anderson's judgment of conviction was entered on December 5, 2017. (*Id.*)

Anderson appealed, and the Nevada Supreme Court affirmed his judgment of conviction on September 5, 2019. (ECF No. 68-29.) On October 31, 2019, the Nevada Supreme Court withdrew its opinion, nothing that a separately written concurring opinion was inadvertently not included with the opinion. A new opinion affirming Anderson's judgment of conviction was filed on November 27, 2019. (ECF No. 68-32.) Anderson petitioned for rehearing and/or for en banc consideration on December 15, 2019. (ECF No. 68-33.) The Nevada Supreme Court denied rehearing on February 18, 2020. (ECF No. 69-2.) Remittitur issued on March 16, 2020. (ECF No. 69-3.)

Anderson filed his state post-conviction habeas petition on January 5, 2021. (ECF No. 69-6.) The state court denied Anderson post-conviction relief on May 27, 2021. (ECF No. 71-10.) Anderson appealed, and the Nevada Court of Appeals affirmed on November 5, 2021. (ECF No. 72-12.) Remittitur issued on November 30, 2021. (ECF No. 72-15.)

Anderson transmitted his instant Petition on February 1, 2022. (ECF No. 8 at 1.) Respondents moved to dismiss the Petition on June 21, 2023, filing a notice of corrected image the following day. (ECF Nos. 55, 56.) Anderson filed two responses to the motion to dismiss. (ECF Nos. 77, 78.) Respondents then filed an amended motion to dismiss on July 12, 2023. (ECF No. 81.) Anderson filed a response to the amended motion to dismiss and moved to amend his response. (ECF Nos. 82, 83.) Respondents replied to Anderson's response on July 31, 2023. (ECF No. 88.) Anderson filed a surreply on August 7, 2023. (ECF No. 89.)

In his Petition, Anderson presents the following grounds for relief:

1. His Confrontation Clause rights were violated regarding witness Marco Rafalovich.
2. His trial counsel was ineffective by (a) failing to give him a witness's recorded statement before the forfeiture hearing, (b) failing to visit him which led to a hostile relationship and a conflict of interest, (c) failing to give him his discovery materials, and (d) failing to timely file his pretrial writ.
3. His convictions for attempted murder and battery are redundant.

4. Arndaejae was charged with the attempted murder and battery of Bolden, and although she pleaded guilty to a lesser included offense, Anderson cannot also be charged and convicted with regard to the same crimes against Bolden.
5. The prosecution solicited false testimony from crime scene analyst Caitlyn King.
6. Juror number 6 should have been removed for cause during voir dire and then removed from the jury after she arrived late one day for trial, which resulted in a *Batson* violation because the alternates, who should have been substituted for juror number 6, were black.
7. The justice court should have dismissed his case for a lack of evidence at the preliminary hearing.
8. His 3-hour detention following his traffic stop amounted to an unlawful seizure.
9. Officer Jacob Werner presented false testimony.
10. There was no arrest warrant issued or existence of probable cause for his arrest.
11. His counsel was ineffective by failing to timely file his pretrial writ.
12. The court clerk said that he was guilty at the beginning of the trial.
13. The prosecutor failed to properly authenticate the jail phone call, which resulted in the presentation of false evidence and the jury knowing he was in jail.
14. He was denied a fair trial because the State was represented by two prosecutors at the trial.
15. The trial court erred in ignoring jurors' questions.
16. The trial court erred in not inquiring why the jury foreman wrote "dick" in his notes because this showed that the foreman was biased.
17. He failed to receive his discovery from the State.
18. The photographic lineup was prejudicial.
19. Bolden presented differing stories of the crime, so the prosecution's presentation of Bolden as a witness amounted to the knowing presentation of false testimony.
20. Robinson testified inconsistently.
21. The trial court failed to inquire about his mental health before allowing him to represent himself at trial.
22. The jury instructions were misleading.
23. The prosecution failed to subpoena Arndaejae.
24. His right to a speedy trial was violated.
25. The prosecution failed to correct the false testimony of crime scene analyst Brooke Cornell.
26. The jury was biased.
27. The search warrant for his car was erroneous.
28. The trial court erred in overruling his objections during trial.
29. The prosecution lied to the jury.
30. The prosecution changed its theory of the case.
31. The trial court erred by not declaring a mistrial.
32. The trial court violated various judicial codes of conduct.
33. His appellate counsel was ineffective by (a) failing to raise various issues in his appeal, (b) lying during his appeal, and (c) failing to communicate with him about his appeal.
34. Officer Gilberto Valenzuela lied in his police report and provided false testimony at trial.

      35.    There was insufficient evidence to support his convictions.
      36.    The trial court allowed Rafalovich's inadmissible statement.

(ECF Nos. 8, 8-1.)[1]

## II.    LEGAL STANDARDS

Respondents argue that Anderson's Petition is untimely, unexhausted, procedurally defaulted, conclusory, and not cognizable. (ECF No. 56.)

### A.    Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period, *i.e.*, 365 days, begins to run from the latest of 4 possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Nev. Sup. Ct. R. 13. The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending

---

[1] Notably, this Court found that counsel may be helpful given the length and complexities of Anderson's claims. (ECF No. 18 at 1.) Anderson expressed his desire that counsel be appointed, and on September 12, 2022, this Court appointed the Federal Public Defender to represent Anderson. (ECF No. 23.) However, in December 2022, Anderson moved for the Federal Public Defender to be relieved as counsel and to be returned to *pro se* status. (*See* ECF No. 34.) This Court granted Anderson's requests on January 24, 2023. (*Id.*)

4

during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

### B.     Exhaustion

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999) ("Section 2254(c) requires only that state prisoners give state courts a *fair* opportunity to act on their claims.")).

A petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to the federal court. *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999); *see also Scott v. Schriro*, 567 F.3d 573, 582–83 (9th Cir. 2009) ("Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief."). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277–78.

### C.     Procedural default

Federal courts are barred from considering a state prisoner's habeas claim if the state courts denied his claim pursuant to an independent and adequate

5

state procedural rule. *Edwards v. Carpenter*, 529 U.S. 446, 454–55 (2000). "The Ninth Circuit has elaborated that a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005) (internal quotation marks omitted). "If a state procedural rule is not well-established before a petitioner supposedly breaks the rule, then the rule cannot prevent federal review of the petitioner's federal claims." *Id.*

When a prisoner "procedurally defaults" a federal claim, judicial review is barred unless he can show either: (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. To demonstrate cause, a petitioner must show that some external and objective factor impeded his efforts to comply with the state's procedural rule. *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012). Ignorance or inadvertence does not constitute cause. *Murray v. Carrier*, 477 U.S. 478, 486–87 (1986). To show prejudice, a petitioner bears the burden of showing not merely that the error created a possibility of prejudice, but that the error worked to his actual and substantial disadvantage, infecting the entire proceeding with constitutional error. *Id.* at 494; *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019).

**D.     Conclusory allegations**

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule(s)") requires a federal habeas petition to specify all grounds for relief and "state the facts supporting each ground." Notice pleading is not sufficient to satisfy the specific pleading requirements for federal habeas petitions. *Mayle v. Felix*, 545 U.S. 644, 655–56 (2005) (noting that Rule 8(a) of the Federal Rules of Civil Procedure requires only "fair notice" while Habeas Rule 2(c) "is more demanding," mere legal conclusions without facts are not sufficient—"it is the relationship of the facts to the claim asserted that is

important"). Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus relief. *Mayle*, 545 U.S. at 649; *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995). A claim for relief is facially plausible when the pleading alleges facts that allow the court to draw a reasonable inference that the petitioner is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although *pro se* pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), conclusory allegations unsupported by specific facts are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

### E. Cognizable claims

AEDPA "places limitations on a federal court's power to grant a state prisoner's federal habeas petition." *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011)). When conducting habeas review, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable in federal habeas. *McGuire*, 502 U.S. at 68.

Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779–80 (9th Cir. 2004). A petitioner "cannot, merely by injecting a federal question into an action that asserts it is plainly a state law claim, transform the action into one arising under federal law." *Caterpillar v. Williams*, 482 U.S. 386, 399 (1987); *accord Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (holding that federal habeas courts lack jurisdiction "to review state court applications of state procedural rules").

## III. DISCUSSION

### A. Timeliness

Anderson's direct appellate review concluded on February 18, 2020, with the Nevada Supreme Court's denial of discretionary review. As such, Anderson's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court 90 days later on May 18, 2020. The federal statute of limitations thus began to run the following day: May 19, 2020. Anderson timely filed his state habeas petition on January 5, 2021, tolling the AEDPA clock. As a result, 231 days elapsed between the finality of the judgment and the filing of the state petition. The remaining 134 days of the AEDPA limitation period was statutorily tolled during the pendency of all proceedings related to Anderson's state petition. Tolling ended on November 30, 2021, when the remittitur issued for the order of affirmance by the Nevada Court of Appeals. The AEDPA clock restarted the following day, December 1, 2021, and expired 134 days later on April 14, 2022. Anderson's instant Petition was mailed to this Court on February 1, 2022. Because Anderson's instant Petition was filed before the AEDPA clock expired, it is timely.

### B. Exhaustion and procedural default

Respondents argue that Anderson failed to exhaust the following claims in his instant Petition: grounds 2(A), 2(B), 2(C), 2(D), 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33(B), 33(D), 34, 35, and 36. (ECF No. 81 at 10.) Alternatively, Respondents argue that every ground is procedurally defaulted. (*Id.* at 10–11.)

On direct appeal, Anderson raised the following grounds: (1) his right to counsel was violated due to his conflict with his counsel, (2) his confrontational rights were violated, and (3) his battery conviction should be reversed as being redundant. (ECF No. 68-19.) The Nevada Supreme Court considered each of these issues on direct appeal. (*See* ECF No. 68-29). These grounds mirror grounds 1,

8

2(b), and 3 of the instant Petition, respectively, so grounds 1, 2(b), and 3 of the instant Petition are exhausted and not procedurally defaulted.

In his *pro se* state post-conviction habeas petition, Anderson raised the same 36 grounds for relief that he raises in his instant Petition. (*See* ECF No. 69-6.) Following the state court's denial of Anderson's petition, Anderson filed a notice of appeal. (ECF No. 71-20.) Anderson did not systematically raise individual grounds for relief on appeal; rather, in a 3-page rambling opening brief to the Nevada Supreme Court, Anderson only raised the following grounds: (1) the trial court failed to inquire about his mental health issues, (2) the trial court violated his right to a speedy trial, (3) the trial court allowed Rafalovich to testify to a lie, (4) there was insufficient evidence to support his conviction because the victim's injuries were not supported by medical evidence and because the officer lied about Bolden's injuries, (5) Bolden testified inconsistently, (6) the trial court was wrong to not replace the jury foreman, (7) there were issues with the search warrant, (8) the trial court was wrong to not address his 3-hour long detention following the traffic stop, (9) the court clerk lied to the jury, (10) the jury was biased, (11) the prosecution did not subpoena a witness, (12) his appellate counsel was ineffective by lying in his appellate brief, (13) his appellate counsel was ineffective in communicating with him, (14) the jury instructions were erroneous, (15) someone else was already convicted for these charges, (16) his appellate counsel failed to raise the issue of his arrest and the lack of arrest warrant, (17) the trial court violated various codes of conduct, (18) the trial court should have removed a juror for being late, (19) there were two prosecutors, (20) the prosecution lied to the jury, and (20) there was false testimony by forensic experts. (ECF No. 72-6 at 6–9.) These grounds appear to mirror grounds 21, 24, 36, 9, 35, 19, 16, 27, 8, 12, 26, 23, 33(b), 33(c), 22, 4, a portion of 33(a), 10, 32, 6, 14, 29, 5, and 25 of the instant Petition, respectively. As such, grounds 4, 5, 6, 8, 9, 10, 12, 14, 16, 19, 21, 22, 23, 24, 25, 26, 27, 29, 32, a portion of 33(a),

9

33(b), 33(c), 35, 36 of the instant Petition are exhausted. Consequently, although the following remaining grounds were brought in Anderson's state post-conviction petition, they were omitted in his post-conviction appeal and are thus unexhausted: grounds 2(a), 2(c), 2(d), 7, 11, 13, 15, 17, 18, 20, 28, 30, 31, the remaining portion of 33(a), and 34.

In deciding Anderson's state post-conviction appeal, the Nevada Court of Appeals considered the following claims: (1) Anderson's appellate counsel was ineffective for lying in his petition, (2) Anderson's appellate counsel was ineffective for failing to communicate with him, and (3) Anderson's appellate counsel was ineffective for failing to challenge his detention and arrest. (ECF No. 72-12.) These grounds mirror the exhausted portion of ground 33(a), ground 33(b), and ground 33(c) of the instant Petition, so grounds 33(a) in part, 33(b), and 33(c) of the instant Petition are not procedurally defaulted.

In deciding Anderson's state post-conviction appeal, the Nevada Court of Appeals explained that "Anderson also contends on appeal that the district court erred by denying several claims of trial court error." (ECF No. 72-12 at 4.) However, the Nevada Court of Appeals found that these claims were procedurally barred because "Anderson could have raised these claims on [direct] appeal" and did not demonstrate good cause and actual prejudice to overcome the procedural bar. (*Id.*) Accordingly, grounds 4, 5, 6, 8, 9, 10, 12, 14, 16, 19, 21, 22, 23, 24, 25, 26, 27, 29, 32, 35, 36—the grounds that were presented to the Nevada appellate courts but were found to be procedurally barred—are procedurally defaulted before this Court. Further, because Anderson's unexhausted grounds would be procedurally barred if he were to return to state court, this Court considers his unexhausted grounds—grounds 2(a), 2(c), 2(d), 7, 11, 13, 15, 17, 18, 20, 28, 30, 31, the remaining portion of 33(a), and 34—to also be procedurally defaulted. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002) (explaining that a claim may be considered procedurally defaulted if "it is clear that the state court would

1  hold the claim procedurally barred").

2  To overcome these procedural defaults, it appears that Anderson alleges
3  that (1) he is actually innocent and (2) he can show cause and prejudice due to
4  the ineffective assistance of his appellate counsel. (ECF No. 89.) The Court
5  discusses each argument in turn.

6  "[A]ctual innocence, if proved, serves as a gateway through which a
7  petitioner may pass whether the impediment is a procedural bar [or] expiration
8  of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In
9  this regard, "actual innocence" means actual factual innocence, not mere legal
10 insufficiency. *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). The Supreme Court
11 has emphasized that "tenable actual innocence gateway pleas are rare: '[A]
12 petitioner does not meet the threshold requirement unless he persuades the
13 district court that, in light of the new evidence, no juror, acting reasonably, would
14 have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin*, 569 U.S.
15 at 386 (quoting *Schlup v. Delo,* 513 U.S. 298, 329 (1995)). Anderson does not
16 present any new evidence, so his actual innocence argument lacks merit.

17 Turning to Anderson's second argument, to constitute cause for a
18 procedural default of a federal habeas claim, the constitutional claim of ineffective
19 assistance of counsel must first have been presented to the state courts as an
20 independent claim. *Murray*, 477 U.S. at 488–89. Here, the only constitutional
21 claim of ineffective assistance of counsel that was presented as an independent
22 claim to both the state district court and Nevada appellate courts was the portion
23 of ground 33(a) that alleges that Anderson's appellate counsel was ineffective for
24 failing to raise the issues of his detention and arrest on direct appeal. As such,
25 this portion of ground 33(a) *may* serve as cause to excuse the procedural default
26 of grounds 8, 10, 18, and 27, which are the underlying grounds dealing with

Anderson's detention and arrest.[2] However, as discussed below, grounds 8, 10, and 27 are not cognizable, so ground 18 is the only procedurally defaulted ground that may be excused by ground 33(a). Because this Court would benefit from full briefing on the issue, this Court defers ruling on whether Anderson can demonstrate cause to excuse the procedural default of ground 18 until after (1) the filing of an answer and reply and (2) determining in ground 33(a) whether Anderson's appellate counsel was ineffective.

As to substantive grounds 4, 5, 6, 7, 9, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 34, 35, and 36, Anderson failed to present any corresponding independent ineffective assistance of appellate counsel claim to the Nevada appellate courts during his post-conviction appeal. Accordingly, Anderson may not rely upon the ineffective assistance of appellate counsel to establish cause to excuse the procedural default of grounds 4, 5, 6, 7, 9, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, 34, 35, and 36. Moreover, because grounds 2(a), 2(c), and 2(d) are claims of trial counsel error, which are required to be brought on post-conviction review rather than direct review pursuant to Nevada law, Anderson cannot rely upon the ineffective assistance of his appellate counsel to establish cause for the procedural default of grounds 2(a), 2(c), and 2(d).

In sum, grounds 1, 2(b), 3, 33(a) to the extent that it alleges that his appellate counsel was ineffective for failing to raise issues of his arrest and detention on direct appeal, 33(b), and 33(c) of the instant Petition are exhausted and are not procedurally defaulted. Ground 18 is procedurally defaulted, and the

---

[2] Notably, the Nevada Court of Appeals explained that Anderson's "counsel explained that this issue was not appealable because there was probable cause for Anderson's detention and arrest because two witnesses identified Anderson as the shooter." (ECF No. 72-12 at 4.) Ground 18, which is Anderson's claim that the photographic lineup was prejudicial, therefore goes to the heart of Anderson's arrest and detention.

12

Court defers consideration of cause and prejudice until the time of merits review. Grounds 2(a), 2(c), 2(d), 4, 5, 6, 7, 9, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, the remaining portion of ground 33(a), 34, 35, and 36 are procedurally defaulted, and because Anderson fails to demonstrate actual innocence or cause and prejudice to overcome the defaults, they are dismissed.

### C. Conclusory claims and cognizable claims

Out of the remaining grounds for relief, Respondents argue that grounds 1, 8, 10, 18, and 27 are not cognizable and/or are conclusory. (ECF No. 81 at 11.) Respondents also argue that Anderson's grounds are not cognizable to the extent they rely on state law. (*Id.* at 14.)

Given that *pro se* pleadings are liberally construed, *Erickson*, 551 U.S. at 94, this Court concludes, at this stage of the proceedings, that grounds 1, 8, 10, 18, and 27 provide sufficient facts to not be dismissed as conclusory. Respondents may renew this argument in their answering brief.

Turning to cognizability, given that ground 1 presents a Confrontation Clause claim and ground 18 presents a due process claim, this Court concludes that these grounds present cognizable claims. However, this Court concludes that Anderson's search and seizure grounds—grounds 8, 10, and 27—are not cognizable. Federal courts are barred from considering a petitioner's Fourth Amendment claims alleging illegal search or seizure "if he had a 'full and fair opportunity' to litigate his Fourth Amendment claims in the state courts." *Newman v. Wengler*, 790 F.3d 876, 880 (9th Cir. 2015) (citing *Stone v. Powell*, 428 U.S. 465, 481 (1976) (holding that when "the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."); *see also Kimmelman v. Morrison*, 477 U.S. 365, 375–76 (1986). Grounds

8, 10, and 27 are dismissed as not cognizable.

### IV. OTHER MOTIONS

On July 17, 2023, Anderson moved for leave to amend the front page of his response to Respondents' motion to dismiss "to be called reply brief." (ECF No. 83.) Because Anderson labeled his response "reply brief/Petitioner's opposition to Respondents' amended motion to dismiss" (ECF No. 82 at 1), Anderson's motion for leave to amend is denied as moot.

On July 24, 2023, Respondents moved for an extension of time to file their reply to their motion to dismiss. (ECF No. 86.) Anderson opposed the request on July 31, 2023. (ECF No. 87.) That same day, July 31, 2023, Respondents filed their reply. (ECF No. 88.) This Court finds good cause to grant the motion for extension *nunc pro tunc*.

### V. CONCLUSION

It is therefore ordered that Respondents' motion to dismiss and amended motion to dismiss (ECF Nos. 55, 56, 81) are granted in part as follows: (1) grounds 1, 2(b), 3, 33(a) to the extent that it alleges that his appellate counsel was ineffective for failing to raise issues of his arrest and detention on direct appeal, 33(b), and 33(c) are exhausted and are not procedurally defaulted; (2) ground 18 is procedurally defaulted, and the Court defers consideration of cause and prejudice until the time of merits review as discussed in this order; (3) grounds 2(a), 2(c), 2(d), 4, 5, 6, 7, 9, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 28, 29, 30, 31, 32, the remaining portion of ground 33(a), 34, 35, and 36 are procedurally defaulted and dismissed; and (4) 8, 10, and 27 are dismissed as not cognizable.

It is further ordered that Anderson's motion for leave to amend his response (ECF No. 83) is denied as moot.

It is further ordered that Respondents' motion for extension of time to file their reply (ECF No. 86) is granted *nunc pro tunc*. Respondents' reply (ECF No.

88) is considered properly filed.

It is further ordered that Respondents have 60 days from the date of this order to file their answer to the remaining grounds in Anderson's Petition. Anderson will have 30 days following receipt of the answer to file his reply.

DATED THIS 21st day of November 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE