UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARNOLD ANDERSON,<br><br>                              Petitioner,<br>     v.<br>TERRY ROYAL, et al.,<br><br>                             Respondents. | Case No. 3:22-cv-00070-ART-CSD<br><br>ORDER |

On January 8, 2025, this Court denied Petitioner Arnold Anderson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 103.) Judgment was entered. (ECF No. 104.) Anderson appealed this Judgment to the Court of Appeals for the Ninth Circuit. (ECF No. 105.) That appeal is still currently pending with the Ninth Circuit. (*See* ECF No. 107 (Docketing Notice).)

Anderson now moves for rehearing and/or en banc review of this Court's Merits Order. (ECF No. 109.) Respondents did not file a response, and their time for doing so has now passed. LR 7-2b. Because a motion for rehearing and/or en banc review is unavailable in this Court, this Court construes Anderson's motion as a motion for reconsideration.

**I.  DISCUSSION**

    **A.  Jurisdiction**

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, "[i]f a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last

such remaining motion:" motion for judgment under Rule 50(b), motion to amend or make new factual findings under Rule 52, motion for attorney's fees under Rule 54, motion to alter or amend judgment under Rule 59, motion for a new trial under Rule 59, and motion for relief under Rule 60. Fed. R. App. P. 4(a)(4)(A)(i-vi).

Because this Court construes Anderson's motion as a motion for reconsideration under Federal Rule of Civil Procedure 60, Anderson's appeal does not divest this Court of jurisdiction to consider the motion. *See Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002) ("Under Rule 4(a)(4)(A), the . . . Rule 60(b) motions prevented the . . . notices of appeal from becoming effective until the district court rules on the merits of those motions."); *United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (indicating that ordinarily a notice of appeal becomes effective when the district court rules on a motion for reconsideration).

### B.  Motion for Reconsideration

Under Federal Rule of Civil Procedure 60(b), this Court may relieve a party from a final Judgment or Order for the following limited reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Anderson asserts that (1) his convictions for murder and battery with a deadly weapon are redundant, (2) the Confrontation Clause was violated, and (3) his counsel was ineffective. (ECF No. 109.) These three issues were thoroughly considered and discussed in this Court's Merits Order. (*See* ECF No. 103.)

1    Anderson does not demonstrate any basis for this Court to reconsider or alter its
2    decision on these issues. Indeed, Anderson's motion only reiterates the same
3    points already made in his petition. This Court finds that reconsideration of its
4    Merits Order is unwarranted under Federal Rule of Civil Procedure 60(b), so it
5    denies the Motion.

6    **II.   CONCLUSION**

7    It is therefore ordered that the motion [ECF No. 109] is denied. To the extent
8    that it is necessary, a certificate of appealability is denied as to this Order.

9    DATED THIS 13th day of February 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3