UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ARNOLD ANDERSON,<br><br>                    Petitioner,<br>     v.<br>TERRY ROYAL, et al.,<br><br>                    Respondents. | Case No. 3:22-cv-00070-ART-CSD<br><br>ORDER |

On January 8, 2025, this Court denied Petitioner Arnold Anderson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 103.) Judgment was entered. (ECF No. 104.) Anderson appealed this Judgment to the Court of Appeals for the Ninth Circuit. (ECF No. 105.) That appeal is still currently pending with the Ninth Circuit. (*See* ECF No. 107 (Docketing Notice).) Anderson previously moved for rehearing and/or en banc review of this Court's Merits Order. (ECF No. 109.) This Court construed Anderson's motion as a motion for reconsideration and denied it, finding that reconsideration of its Merits Order was unwarranted. (ECF No. 110.) Anderson has now filed a motion for relief from the Judgment. (ECF No. 111.)

**I.    DISCUSSION**

     **A.    Jurisdiction**

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, "[i]f a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last

1

such remaining motion:" motion for judgment under Rule 50(b), motion to amend or make new factual findings under Rule 52, motion for attorney's fees under Rule 54, motion to alter or amend judgment under Rule 59, motion for a new trial under Rule 59, and motion for relief under Rule 60. Fed. R. App. P. 4(a)(4)(A)(i-vi). Accordingly, Anderson's appeal does not divest this Court of jurisdiction to consider his motion for relief from the Judgment under Federal Rule of Civil Procedure 60. *See Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002) ("Under Rule 4(a)(4)(A), the . . . Rule 60(b) motions prevented the . . . notices of appeal from becoming effective until the district court rules on the merits of those motions."); *United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001) (indicating that ordinarily a notice of appeal becomes effective when the district court rules on a motion for reconsideration).

### B.    Motion for Reconsideration

Under Federal Rule of Civil Procedure 60(b), this Court may relieve a party from a final Judgment or Order for the following limited reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In his instant motion, Anderson asserts that Marco Rafolovich's trial testimony amounted to inadmissible hearsay, was demonstrably false, and was not disclosed to the defense prior to trial in violation of *Brady*. (ECF No. 110.) These arguments may be new arguments that Anderson has not raised before,[1]

---

[1] Notably, this Court considered and denied Anderson's related contention that

2

but they amount to new claims that Anderson should have brought before this Court previously, especially since the facts supporting these new claims were known at the time Anderson filed his federal habeas petition. Anderson may not assert new claims in a post-Judgment motion. Consequently, this Court finds that reconsideration of its Merits Order is unwarranted under Federal Rule of Civil Procedure 60(b), so it denies Anderson's motion.

## II.    CONCLUSION

It is therefore ordered that the motion (ECF No. 111) is denied. To the extent that it is necessary, a certificate of appealability is denied as to this Order.

DATED THIS 2nd day of April 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

---

Rafalovich's testimony violated the Confrontation Clause, was untrue, and was unreliable. (*See* ECF No. 103 at 7–14.)